(13 App. Div. 101.)

## BATHRICK v. COFFIN.

(Supreme Court, Appellate Division, Second Department. January 26, 1897.)

DAMAGES FOR BREACH OF CONTRACT—FUTURE PROFITS.

There was sufficient evidence to submit to the jury the question of damages for breach of a contract giving plaintiff the exclusive right to sell defendant's lots on commission, where plaintiff testified that after a large expenditure of time and money he effected many sales, but that defendant refused to pay commissions, or permit him to sell the remaining lots; and defendant testified there were not many sales made, but could not say how many; that sales were not all carried out, but could not tell what proportion, and that a number of sales lapsed, but did not know how many.

Appeal from trial term, New York county.

Action by Ellsworth R. Bathrick against Charles F. Coffin for breach of contract. From a judgment dismissing the complaint, and from an order denying a motion for a new trial, plaintiff appeals. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Isaac N. Miller, for appellant.
Edward H. Murphy, for respondent.

GOODRICH, P. J. The dismissal of the complaint in this action raises the simple question whether there was sufficient evidence to submit the issues to the jury. The complaint alleges a contract whereby the defendant, the owner of certain lands at Saybrook, N. J., gave the plaintiff the exclusive right to sell the same, and undertook to pay him a commission of 25 per cent. upon such sales, the same to be deducted from the purchase price if sold for cash, and in case of sales on time the plaintiff to receive the first 10 per cent. that should be paid in, and, after the defendant had re-

ceived 5 per cent. of the selling price, one-half of all other payments until the 25 per cent. had been paid; that the plaintiff expended moneys in preparing the property for sale and putting it on the market, and made various sales, for which the defendant received the price, and converted the same to his own use; that he refused to account with the plaintiff, and prevented the plaintiff from continuing to sell the property, to his damage. The answer is a general denial. In support of the issues the plaintiff testified that in the summer of 1892 the defendant agreed to give him the exclusive right to sell the property, in which there were 290 lots, and produced a letter from the defendant, in which he says:

"I will give you as commission for selling the property at Saybrook, 25 per cent., out of which you are to pay your agents and superintendents."

In a subsequent letter, he says:

"I agree to pay your commissions on sales of Saybrook property as follows: On time sales, you are entitled to the first ten per cent. of selling price, and, after I have received five per cent. of the selling price, you are entitled to one-half of all other payments made by the purchaser until your full commission of 25 per cent. of sales is paid to you. On half cash sales and all cash sales you are entitled to your full commissions of 25 per cent. as soon as the amount of sale is paid or received."

The plaintiff testified that he subsequently superintended the clearing and cutting up of the property into lots; advertised for and organized a corps of five or six salesmen, prepared a pamphlet, and obtained tickets for railroad excursions, distributed the literature in many places, had several excursions to the property, and on such occasions sold about 85 or 90 lots at an average price of about $225. An office was opened at 29 Broadway, New York City, on the door of which was painted a sign: "Saybrook Estate. E. R. Bathrick. General Manager. Charles E. Coffin, Owner." On December 2d the defendant wrote a letter, saying, "I wish to discontinue the arrangements, as matters are not, and have not been, satisfactory." The desk of the plaintiff was broken open and sold, his papers abstracted, and his name erased from the door. In the letter of December, the defendant said he would send an account, and, when money was due, would remit it. The plaintiff testifies that he received $2,300 or $2,400, and that it cost him the greater part of that amount to pay the expenses of advertising and agents; and that, even on the basis of sales already made, he was entitled to recover $1,600. The defendant testified that he thought there were only 60 lots sold, but did not deny the plaintiff's testimony that he was to have the exclusive sale of the lots. It seems to us a fair conclusion that the word "exclusive" embraces the idea of permanence, at least until there had been reasonable time for the plaintiff's fulfillment of his contract, or some good reason shown for its breach by the defendant. The learned justice, in his opinion, intimates that the plaintiff may have been entitled to the direction of a verdict for nominal damages, but refused to submit the issue to the jury on the ground that such a verdict would not substantially differ to his benefit. In the case of Wakeman v. Manufacturing Co., 101 N. Y. 205, 4 N. E. 264, there was an agreement that if the plaintiff sold 50 of the defend-

ant's machines in Mexico he should have the exclusive agency for the sale of the machines in that locality. He made two sales of 50 machines each. The defendant filled the first sale, and refused to fill the second, or to furnish any more machines. An action was brought for damages occasioned by the breach of contract, and it was held that he was entitled not only to the damages sustained by the refusal to fill the orders actually given, but also the value of the contract; i. e. such damages as were reasonably certain, and such as a jury could determine approximately upon reasonable conjecture and probable estimate. In Dart v. Laimbeer, 107 N. Y. 669, 14 N. E. 291, the plaintiff proved an agreement of partnership for a year, and that it was broken by the defendant after four months. The court said:

"Under such circumstances courts ought not to be too precise and exacting in regard to the evidence upon which to base a claim for damages resulting from the loss of future profits. As was said in Bagley v. Smith, 10 N. Y. 499, 'It is the misconduct of the defendant that has rendered the inquiry necessary,' and, it may be added, has also made it quite difficult."

This latter clause is emphasized in the present case by the testimony of the defendant when he said:

"There were not that many [ninety] sales made. How many there were, he did not remember; thought about 60. The sales were not all carried out. He could not tell what proportion, without his books, and he did not have his books here. A number lapsed,—that is, after one or two payments were made, they paid no more, and dropped the contracts,—but he could not tell how many had lapsed."

We think that there was sufficient evidence to submit to the jury the question of damages, and that it was error to dismiss the complaint.

Judgment and ordered reversed, and new trial granted, with costs to abide the event. All concur.